Filed 10/1/24  P. v. Frias CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRES FRIAS,<br><br>    Defendant and Appellant. | B336151<br><br>Los Angeles County<br>Super. Ct. No. BA357016-01 |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin Stennis, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying appellant's petition for resentencing brought under Penal Code[1] section 1172.6.  We affirm.

## BACKGROUND

In 2011, a jury convicted appellant Andres Frias of first degree murder and found true that he committed the offense for the benefit of a gang and a principal in the crime discharged a firearm causing great bodily injury and death.  (§§ 187, subd. (a); 186.22, subd. (b)(1)(C); 12022.53, subd. (d).  The trial court sentenced Frias to 50 years to life in prison for the murder and enhancements.

On May 27, 2022, Frias filed a petition for resentencing pursuant to section 11790.95 (now renumbered 1172.6).  Frias was represented by counsel.  The People filed a response, arguing Frias was ineligible for relief because the jury was not instructed on a theory of liability now invalid under Senate Bill No. 1437 and because he was prosecuted as the actual killer.  The jury instructions were attached as Exhibit 4 to the People's response.  Frias filed a reply, conceding that the jury instructions did not assert a now invalid theory of liability, but arguing nonetheless that the record of conviction did not show ineligibility for relief as a matter of law.

On October 19, 2023, the trial court denied the petition, finding that the jury instructions and verdicts showed Frias had not been prosecuted on a now invalid theory of liability and the jury found he was the actual shooter when it found true that he

---

[1]     Undesignated statutory references are to the Penal Code.

2

had personally discharged a firearm causing death. Frias filed a timely notice of appeal.

To provide context only, we recite the facts of the events underlying the murder conviction. On April 14, 2008, a male rode a bicycle up to victim Brian Maciel as he waited at a bus stop with his girlfriend. The bicyclist asked the victim about his gang affiliation. When the victim stated the name of his gang, the bicyclist shot Maciel in the chest, rode to a nearby truck, put the bicycle in the back of the truck, entered the passenger side of the truck, flashed a gang sign at a witness to the shooting, and left the scene. (*People v. Frias* (Jan. 8, 2013, B233209) [nonpub. opn.],)

On June 7, 2024, we appointed counsel to represent Frias on appeal. On August 7, 2024, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us they had told appellant he may file his own supplemental brief within 30 days. Counsel sent Frias transcripts of the record on appeal as well as a copy of the brief.

On August 7, 2024, this court sent Frias notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On September 11, 2024, Frias filed a supplemental brief, in which he asks us to conduct an independent review of the record. He also argues 1) false evidence was used at his trial; 2) the truck that appears to be passing by the crime scene in a video shown to the jury was not his truck; 3) his counsel ignored his protests that the truck in the video was not his; 4) at the preliminary hearing

the victim's girlfriend never identified him as the shooter; 5) the recordings of his admissions in jail were just "locker talk"; 6) the eyewitnesses were not reliable; 7) his gang enhancement should be stricken under Assembly Bill No. 333; and 8) he is entitled to be resentenced under Assembly Bill No. 124 as a youthful offender who experienced childhood trauma.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis of liability for murder. It also limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).) The intent of Senate Bill No. 1437 is "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) Petitions for resentencing under section 1172.6 address convictions where a defendant was not the shooter but was held vicariously liable on one of several theories of liability identified in the statute.

*Lewis* also held that "petitioners who file a complying petition are to receive counsel upon the filing of a compliant petition." (*Lewis*, *supra*, 11 Cal.5th at p. 963.) If the record establishes ineligibility for resentencing as a matter of law, the trial court may deny the petition. (*Id.* at pp. 970–972.) However, the petition and record must establish "conclusively that the defendant is ineligible for relief." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [a "petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or

4

credibility determinations, that . . . the petitioner was the actual killer."].) (*Ibid.*) Where, as here, a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (*Ibid.*)

After appointment of counsel, the trial court assesses when a prima facie case for relief has been made. However, the prima facie inquiry is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In assessing whether a defendant has made a prima facie case for relief pursuant to section 1172.6, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, at pp. 971–972.) However, *Lewis* cautioned that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low, the probative value of an appellate opinion is case-specific, and a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Here, the trial court appointed counsel and found Frias had not made a prima facie case for relief. Frias's contentions on appeal challenge misconduct or error which allegedly occurred at his trial. Frias also asserts his conviction is based on insufficient or unreliable evidence. An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed by the trial court; it is not another opportunity to challenge the original judgment on other grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's

findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.) Frias's contentions alleging trial court error are properly rejected.

We decline to exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

6